UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11

WITHOUT WALLS INTERNATIONAL
CHURCH, INC.,                                          Case No. 8:14-bk-2567-MGW

      Debtor.
_____/

# DEBTOR'S PRELIMINARY RESPONSE TO STAY RELIEF MOTION

WITHOUT WALLS INTERNATIONAL CHURCH, INC. (the "**Debtor**" or "**WWIC**"), by and through its undersigned attorneys, preliminarily responds to the Emergency Verified Motion for an Order Granting Relief from the Automatic Stay and/or to Abstain with Certificate of Necessity (the "**Stay Relief Motion**")[Doc. No. 4] filed by Evangelical Christian Credit Union ("**ECCU**").

ECCU's Stay Relief Motion consists of 26 pages of text and 15 pages of exhibits and is designated as an emergency motion.[1] In accordance with this Court's general practice regarding emergency situations, the Motion was set for hearing promptly (in less than 24 hours) [Doc. No. 5]. Although the Debtor lacks sufficient time to fully respond to ECCU's lengthy motion, it files this Response and reserves the right to respond more fully within a court-established timeframe.

By its Stay Relief Motion, ECCU requests this Court lift the automatic stay to permit ECCU's Motion for Summary Judgment of Foreclosure and its Motion for Summary Judgment on Both Counts of Counterclaim (collectively, the "**Summary Judgment Motions**") to be heard

---

[1] It is likely that ECCU was able file the Motion so quickly after the filing of the petition (approximately four hours) because the Debtor's counsel notified bankruptcy counsel for ECCU of the intended filing approximately one week ago as part of efforts to find common ground. The Debtor expects the dialogue to continue and, for its part, is committed to continue those efforts.

1

by the state court in the pending Hillsborough County foreclosure action (the "**Foreclosure Action**"). The Debtor respectfully argues that this Court should deny ECCU's requested stay relief at this time for the reasons stated below:

### I. General Background.

1. On March 5, 2014 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. WWIC, established in 1991 (then under the name of South Tampa Christian Center), is a non-denominational Christian church located in Tampa, Florida. WWIC has a total of 12,000 members, with approximately 4,000 members regularly attending one or more of the three services held each week at WWIC's sanctuary located at 3860 West Columbus Drive in Tampa, Florida (the "**Tampa Premises**"). As part of its ministry, WWIC provides community-outreach programs in the Tampa Bay area, including its main outreach program, Road to Recovery (or R2R). R2R provides food and clothing to lower-income families twice a week from the Tampa Premises. WWIC also operates an after-school care/preschool/voluntary prekindergarten daycare center from the Tampa Premises.

3. In addition to the Tampa Premises, WWIC owns approximately 63 acres of real property located at 777 Carpenters Way in Lakeland, Florida.

### II. There is no Emergency.

4. This is not a case in which a secured creditor's collateral will be dissipated or damaged before the Court can hear the Stay Relief Motion in the ordinary course. ECCU's collateral consists of real property and buildings, one of which serves as the principal sanctuary for the Debtor's thousands of members who attend worship services. The collateral is not going anywhere. There is simply no basis for emergency relief.

5. In addition, the asserted emergency is the upcoming hearing on ECCU's Summary Judgment Motions on March 13, 2014 *that was scheduled on March 10, 2014*. The matters to be heard on March 13, 2014 do not involve a jury, and it is apparent that a hearing on these motions could be scheduled on short order should this Court lift the automatic stay after a normally scheduled hearing. Thus, the existence of a hearing does not create a basis for emergency relief. A Hearing on the motions can be reset.

### III. Lifting Stay Now Will Prejudice the Debtor.

6. Moreover, the scheduled March 13, 2014 hearing seeks to address counterclaims of the Debtor that represent potential property of the estate. It is premature to decide whether cause exists to lift the automatic stay or to determine whether *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011), precludes this Court from hearing the counterclaim – something the Debtor has not even requested at this time. Although the Debtor will contend, if the issue ever becomes ripe, that at the very least the district court could adjudicate the counterclaim even if this Court could not enter a final judgment. *In re Safety Harbor Resort & Spa*, 456 B.R. 703, 708 (Bankr. M.D. Fla. 2011).

7. Here, however, the Debtor and the estate will be prejudiced by lifting of the automatic stay at this stage of the case. Admittedly, the state court litigation has been pending for some time and at considerable expense. Until February 3, 2014, the Debtor was represented by the law firm of Anthony & Partners, which withdrew as counsel for the Debtor citing irreconcilable differences.[2] On January 31, 2014, the law firm of Lennox Law, P.A. filed its Notice of Appearance as counsel for the Debtor in the Foreclosure Action. On information and belief, Anthony & Partners asserts a charging lien on all of its files. Mr. Lennox has been unable

---

[2] On January 10, 2014, Anthony and Partners filed its Motion Allowing Counsel to Withdraw. On information and belief, the Motion was heard by the state court on or about February 3, 2014.

to review the files, which are essential for him to evaluate the claims and to prosecute them if viable. Chapter 11 provides a forum for the Debtor to address any charging lien issues.

8. The Debtor has filed its Application for Authority to Employ Lennox Law, P.A. as Special Counsel [Doc. No. 9] seeking Court authority to retain Mr. Lennox and Lennox Law with respect to certain matters, including serving as counsel in the pending state court litigation involving ECCU. That application has not yet been heard by the Court.

9. If the Debtor succeeds on either or both of its claims, in whole or in part, then ECCU's claim against the estate would be reduced. This Court has exclusive jurisdiction to adjudicate the amount of claims. Any decision to defer that determination in favor of a non-bankruptcy case should not be made within a few days of a case being filed and which involves tens of millions of dollars.

10. ECCU asserts in support of its motion being heard on an emergency basis that permitting the Summary Judgment Motions to be determined by the state court is the most efficient manner in which to deal with these motions. This is not a basis for emergency relief.

11. In addition, having the counterclaims heard in state court will not necessarily save time, resources or money. Instead, all those things would be better saved if these issues, along with the other complaints ECCU raises about its collateral, were heard in one forum: this Court.

12. The Debtor respectfully contends that it is premature for the Court to make a determination as to lifting the automatic stay at this time particularly when no basis exists for the requested emergency relief.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion and for such other and further relief as may be just.

/s/  Elena Paras Ketchum
Elena Paras Ketchum (FBN 129267)
Michael J. Hooi (FBN 65377)
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
eketchum@srbp.com
mhooi@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 11th day of March, 2014, by the **Court's CM/ECF electronic mail system** to:

United States Trustee

All parties receiving CM/ECF notification

and via **E-Mail Transmission** to:

Andrew M. Brumby, Esquire
James A. Timko, Esquire
SHUTTS & BOWEN, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
abrumby@shutts.com
jtimko@shutts.com

/s/  Elena Paras Ketchum
Elena Paras Ketchum